# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

CHADWICK HENN,

          Plaintiff,

vs.

CAROLYN W. COLVIN,
Commissioner of Social Security,

          Defendant.

No. C 12-3066-MWB

## ORDER ACCEPTING REPORT AND RECOMMENDATION

---

      This case is before me on a Report And Recommendation from United States Magistrate Judge Leonard Strand, entered on September 5, 2013 (docket no. 17). In this case, the plaintiff, Chadwick Henn (Henn), appeals an administrative law judge's (ALJ's) decision denying Henn Title II disability insurance benefits and Title XVI supplemental security income because, according to the ALJ, Henn is not disabled and his work limitations are the result of substance abuse. On review, Judge Strand concluded that the ALJ's decision is not supported by substantial evidence in the record. Report And Recommendation at 22 (docket no. 17). In particular, Judge Strand held that the ALJ improperly concluded "that Henn would not be disabled if [his] substance use was absent" by incorrectly attributing Henn's workplace absenteeism and admission to a residential treatment facility to substance abuse, rather than to his mental disorders. Report And Recommendation at 20-22 (docket no. 17). Judge Strand recommended that this case should be remanded to the ALJ with the following instructions:

> On remand, the ALJ should conduct a new analysis of whether Henn has experienced repeated episodes of

decompensation for purposes of determining if Henn's impairments, taken individually or in combination, meet or equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. If the ALJ determines his impairments meet or equal a listing based on this new analysis, he must award benefits.

If not, he shall:

> a) Conduct a new analysis of whether substance use is a contributing factor, taking into account evidence of Henn's part-time work and the nature of the services provided at NITC. Any limitations associated with Henn's substance use disorder but not his mental health disorders (or vice versa) must be supported by substantial evidence in the record as a whole.

> b) Conduct a new analysis of the medical evidence in the record, particularly focusing on the limitations associated with Henn's mental impairments alone.

> c) Conduct a new analysis of Henn's credibility and the credibility of the third party function reports provided by Fisher and Squier. The ALJ must provide other reasons besides the lack of objective medical evidence in support of Henn's assertions if he finds that Henn's allegations are not credible. He should also state whether he is crediting or discrediting Fisher and Squier's reports and provide good reasons supported by substantial evidence in the record as a whole if he finds they are not credible.

Based on the outcome of these new analyses, the ALJ may need to revisit and/or modify other aspects of the prior decision, including but not limited to the ALJ's findings with regard to Henn's RFC (with and without substance use as a factor) and, of course, the ultimate decision as to whether Henn is disabled within the meaning of the Act.

2

Report And Recommendation at 30-31 (docket no. 17). No party has filed objections to the Report And Recommendation, and the 14-day window in which parties may file objections is now closed. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

I review Judge Strand's Report And Recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28. U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. Ia. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's Report And Recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo* any issue in a magistrate judge's Report And Recommendation at any time. *Id.* If a party files an objection to the magistrate judge's Report And Recommendation, however, the district court *must* "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required

3

"to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, the parties filed no objections to the Report And Recommendation. As a result, the parties waive both their right for me to review the Report And Recommendation *de novo* and their right to appeal from Judge Strand's findings of fact. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009). Thus, I will review Judge Strand's Report And Recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). The United States Supreme Court has explained that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

While I examine Judge Strand's Report And Recommendation for clear error, I also review the Commissioner's decision to determine whether the correct legal standards were applied and "whether the Commissioner's findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042 (8th Cir. 2007) (quoting *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999)). Under this deferential standard, "[s]ubstantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002); *see also*

4

*Page*, 484 F.3d at 1042. In reviewing the Commissioner's denial of benefits to determine if it is supported by substantial evidence, the court must "not only . . . consider evidence in the record that supports the Commissioner's determination, but also any evidence that detracts from that conclusion." *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) (citing *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001)). Nonetheless, even if a court "might have reached a different conclusion had [it] been the initial finder of fact," the Commissioner's decision will not be disturbed "unless the record contains insufficient evidence to support the outcome." *See Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007) (citations omitted).

Having reviewed the record, and Judge Strand's very thorough and well-written findings of fact and conclusions of law in the September 5, 2013, Report And Recommendation, I find no clear error and **accept** the Report And Recommendation (docket no. 17). The Commissioner's decision is **reversed** and this case is **remanded** for further proceedings consistent with Judge Strand's Report And Recommendation. The Clerk is directed to enter judgment against the Commissioner and in favor of Henn.

**IT IS SO ORDERED**.

**DATED** this 30th day of September, 2013.

Mark W. Bennett
_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA