# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| CHADWICK HENN, <br><br> Plaintiff, <br> vs. <br><br> CAROLYN W. COLVIN, <br> Commissioner of Social Security, <br><br> Defendant. | No. C 12-3066-MWB <br><br> **ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES** |

## I. INTRODUCTION

This case is before me on plaintiff Chadwick Henn's (Henn's) application for attorney's fees, which he filed on December 16, 2013 (docket no. 20). Henn's application follows my September 30, 2013, order in which I accepted Judge Strand's Report and Recommendation, reversed the Commissioner of Social Security's (the Commissioner's) decision denying Henn disability benefits, and remanded Henn's claim to the Commissioner for further consideration (docket no. 18). The Clerk entered judgment in favor of Henn on September 30, 2013 (docket no. 19).

In his application, Henn requests $3,072.80 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). In support of his application, Henn submits (1) a declaration from his attorney, Ronald Wagenaar (Wagenaar) (docket no. 20-1), and (2) an itemized billing record documenting the hours that Wagenaar spent working on the case (docket no. 20-2).

The Commissioner filed a response to Henn's application on December 30, 2013 (docket no. 21). The Commissioner has no objection to Henn's request for $3,072.80 in attorney's fees.

## II. ANALYSIS

"[F]ees and other expenses" may be awarded to a "prevailing party" in a Social Security appeal under the EAJA, "unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). For purposes of this subsection, "fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). In order to obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). A judgment against the Commissioner is no longer appealable after 60 days. Fed. R. App. P. 4(a)(1)(B)(iii) ("The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States officer or employee sued in an official capacity[.]"). Thus, a judgment against the Commissioner becomes final 60 days after the Clerk enters that judgment.

If attorney's fees are appropriate, the reasonable hourly rate for such fees is set by statute at $125, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient

to justify hourly attorney's fees of more than $75 per hour [(the applicable statutory amount in the case)], enhanced fees should be awarded.").

Here, the parties do not dispute, and I find, that Henn is a prevailing party. I also find that the position of the United States was not substantially justified because the Commissioner, who bears the burden of proving substantial justification, does not claim that her position was substantially justified and instead agrees that Henn should receive an EAJA award. *See Herman v. Schwent*, 177 F.3d 1063, 1065 (8th Cir. 1999) (noting that the Commissioner bears the burden of proving substantial justification). I find that the requested award under the EAJA is just and appropriate; $3,072.80 is reasonable for 16.7 hours of work by Wagenaar (docket no. 20-2) (noting that Wagenaar worked 16.7 hours on the case). I, therefore, grant Henn's application for attorney's fees in the amount of $3,072.80. In *Astrue v. Ratliff*, the United States Supreme Court held that, under the EAJA, statutory attorney's fees awards must be payable to the prevailing social security plaintiff, not his attorney. 560 U.S. 586, 130 S. Ct. 2521, 2529 (2010). Thus, I find that Henn's award must be payable directly to Henn.

### III.   CONCLUSION

**THEREFORE,** Henn's application for attorney's fees under the EAJA (docket no. 20) is **granted**. I award Henn $3,072.80 in attorney's fees under the EAJA, which is subject to offset for any debts Henn may owe to the United States. The fee award shall be paid by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(4) ("Fees and other expenses awarded under this subsection to a party shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise."). If consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be mailed to Henn's attorney, Wagenaar. *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1011 (E.D. Ark. 2011) (directing that EAJA "award be made payable to the plaintiff . . . and

mailed to [plaintiff's attorney], pursuant to the Commissioner's standard method of issuing payment").

**IT IS SO ORDERED**.

**DATED** this 21st day of January, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA